**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-05552 MMM (JEMx) | Date | August 28, 2014 |
|---|---|---|---|

| Title | *Geoffrey Romsa, Guardian ad litem of N.R. v. Ikea US West, Inc.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order Remanding Case to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

## I. BACKGROUND

Geoffrey Romsa filed this action on February 28, 2014, as guardian ad litem of N.R., a minor, who allegedly suffered second degree burns when he touched hot mashed potatoes prepared and sold by defendant Ikea US West, Inc. ("Ikea").[1] On July 17, 2014, Ikea removed the action to this court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332.[2] On July 24, 2014, the court issued an order to show cause why the case should not be remanded for lack of subject matter jurisdiction.[3] On July 31, 2014, Ikea US West, Inc. ("Ikea") filed a response to the order to show cause,[4] and on August 7, 2014, Romsa filed a reply.[5] For the reasons stated, the court lacks subject

[1]Notice of Removal, Exh. A ("Complaint"), ¶¶ 1, 13, Docket No. 1 (July 17, 2014).

[2]*Id.* at 1.

[3]Order to Show Cause ("OSC"), Docket No. 7 (July 24, 2014).

[4]Response to Order to Show Cause ("Response"), Docket No. 8 (July 31, 2014).

[5]Plaintiff's Reply in Opposition to Defendant's Response ("Reply"), Docket No. 9 (Aug. 7, 2014)

matter jurisdiction to hear the action and remands it to Los Angeles Superior Court.

## II. DISCUSSION

### A. Standard Governing Ikea's Pleading of Jurisdiction

As the party invoking federal jurisdiction, Ikea bears the burden of establishing the existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). At the pleading stage, this burden is satisfied by alleging facts that show a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction").

The complaint must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Sw. Cable Television, Inc. v. CIIF Assocs.*, 33 F.3d 1068, 1071 (9th Cir. 1994).

### B. Whether Ikea Has Established the Existence of Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). See also *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). Where, by contrast, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . [courts] apply a preponderance of the evidence standard." *Guglielmino*, 506 F.3d at 699. Finally, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount

is met.'" *Id.* (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).[6]

---

[6]In *Lowdermilk*, 479 F.3d at 999, the Ninth Circuit held that when a plaintiff pleads a specific amount in controversy that is less than the jurisdictional minimum, a defendant seeking to remove the case under the Class Action Fairness Act ("CAFA") must show to a "legal certainty" that the jurisdictional amount is at issue. The court identified two principles informing this conclusion: "First, as federal courts, we are courts of limited jurisdiction and we will strictly construe our jurisdiction. Second, it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Id.* at 998-99 (citations omitted). Several district courts subsequently applied the legal certainty rule in § 1332(a) diversity jurisdiction cases. See, e.g., *Site Mgmt. Solutions, Inc. v. TMO CA/NV, LLC*, No. CV 10–08679 MMM (JEMx), 2011 WL 1743285, *3 (C.D. Cal. May 4, 2011) (applying the legal certainty standard in a § 1332(a) diversity jurisdiction case); *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10–4280–GHK (JCx), 2010 WL 3119366, *1 n. 1 (C.D. Cal. Aug. 6, 2010) (same); but see *Lyon v. W.W. Grainger, Inc.*, No. C 10–00884 WHA, 2010 WL 1753194, *1 (N.D. Cal. Apr.29, 2010) ("It would be an unprecedented extension of Ninth Circuit caselaw to apply the burden of proof that plaintiff suggests to a non-CAFA case such as this").

In *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345, 1347 (2013), plaintiff filed a class action, alleging that he and the "[c]lass stipulate[d] they [would] seek to recover total aggregate damages of less than [the CAFA jurisdictional threshold of] five million dollars." Defendant removed, invoking CAFA. *Id.* at 1348. The district court remanded. It found that although the amount in controversy would have exceeded $5,000,000 in the absence of the stipulation, it could not be met given the stipulation. *Id.* The Supreme Court held that the district court erred in relying on the stipulation because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349.

In *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975 (9th Cir. 2013), the Ninth Circuit recognized that *Standard Fire* overruled *Lowdermilk*'s "legal certainty" standard in CAFA cases. See *id.* at 977 ("Our reasoning there for imposing on defendants the burden to prove the amount in controversy to a legal certainty, rather than the ordinary preponderance of the evidence standard, is clearly irreconcilable with the Supreme Court's reasoning in *Standard Fire*"). The court held that the second principle informing the *Lowdermilk* rule – to "preserve the plaintiff's prerogative . . . to forgo a potentially larger recovery to remain in state court"– was "directly contradicted by *Standard Fire*['s holding that] a plaintiff seeking to represent a putative class could not evade federal jurisdiction by stipulating that the amount in controversy fell below the jurisdictional minimum." *Id.* at 980, 981. The court also concluded that *Standard Fire* had overruled *Lowdermilk*'s directive that district courts "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met," and that § 1332(d) required district courts to evaluate the potential claims of absent class members rather than plaintiff's complaint. *Id.* at 981.

Since *Rodriguez* was decided, district courts in the Ninth Circuit have disagreed as to whether the legal certainty standard continues to apply in non-CAFA cases. Compare *Stelzer v. CarMax Auto Superstores Cal., LLC*, 13–CV–1788–LAB–JMA, 2013 WL 6795615, *5 & n. 2 (S.D. Cal. Dec. 20, 2013) (applying the legal certainty standard) with *Cagle v. C&S Wholesale Grocers, Inc.*, No. 2:13–cv–02134–MCE–KJN, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (holding that the

A damages estimate "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a "bold optimistic prediction." *Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM (FFMx), 2008 WL 4447678, *4 (C.D. Cal. Sept. 30, 2008) (quoting *Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000)). On June 18, 2014, Romsa provided a statement of damages, estimating $500,000 in pain and suffering damages, $500,000 in emotional distress damages, and $4,577.97 in past medical expenses. The statement reserved the right to seek future medical expenses as well.[7] The statement of damages does not explain how Romsa arrived at these estimates. In its response, Ikea argues that, although Romsa's estimate of pain and suffering and emotional distress damages is unreasonably high, there is nonetheless evidence that the amount in controversy exceeds $75,000. Ikea cites the deposition testimony of Romsa and his wife, who contend that their son now "cries a lot" and wakes up "5-6 times a night."[8] Romsa's reply disputes that the amount in controversy exceeds $75,000, and argues that Ikea's failure to accept a settlement offer of $75,000 is evidence that it believes the amount in controversy is less than $75,000.[9] He asserts that Ikea was "relentless" in requesting a statement of damages, and filed a motion to compel seeking monetary sanctions after he responded that it was premature to provide any damages estimate.[10]

The leap from $4,597.77 in medical expenses incurred to Ikea's assertion that N.R. has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. Ikea cites no facts that indicate a damages award anywhere near $75,000 – let

---

preponderance of the evidence standard applies).

The court believes that *Standard Fire* and *Rodriguez* leave the legal certainty rule intact in non-CAFA cases. The rationale underlying those decisions – i.e., that a plaintiff cannot bind absent class members before a class is certified – has no application outside the class action context. In contrast, the reasoning that underlies the *Lowdermilk* rule – i.e., that federal courts are courts of limited jurisdiction, and that a plaintiff is "master of her complaint" – applies with full force in non-CAFA cases. Moreover, the "legal certainty" test for cases such as this does not derive from *Lowdermilk* and rests on a distinct line of reasoning. The Ninth Circuit announced the rule in *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398, 402 (9th Cir. 1996). Accordingly, the court concludes that neither *Knowles* nor *Rodriguez* disturbs the "legal certainty" rule used to determine the amount in controversy in removal cases that are not class actions.

[7]Reply, Exh. D.

[8]Response, Exh. A at 148, 217.

[9]Reply at 4.

[10]*Id.* at 1-2.

alone $1,000,000 – is likely. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Surber*, 110 F. Supp. 2d at 1232 (citation omitted); see also *Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (affirming dismissal on the ground that plaintiff's injury was too small to satisfy the amount in controversy requirement because plaintiff alleged only that she suffered anger and embarrassment following an argument as to who was at fault for her missed flight to Seattle). The court cannot accept Romsa's statement of damages or Ikea's response to the order to show cause as a conclusive indication that subject matter jurisdiction does or does not exist. Because Ikea bears the burden of persuasion, and because it has failed to meet that burden, the court concludes that it has not established that the amount in controversy requirement has been satisfied.

## III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). For the reasons stated, Ikea has failed to carry its burden of showing that the court has subject matter jurisdiction to hear this action. As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.